IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WENDY CHICKAWAY, Individually and
as Administrator and Personal
Representative of the Estate of Brandon
Phillips, a Minor, and on Behalf of All                                          PLAINTIFFS
Wrongful Death Beneficiaries of Brandon
Phillips, Deceased, and EDWARD
PHILLIPS, Natural Father of Brandon
Phillips, Deceased

V.                                                              CAUSE NO. 4:11-CV-00022-CWR-LRA

UNITED STATES OF AMERICA                                                          DEFENDANT

## ORDER

The above-styled matter is before the Court on the United States' Motion to Dismiss [Docket No. 19], which it raises against plaintiff Edward Phillips for his purported failure to exhaust administrative remedies prior to pursuing the matter in court. After reviewing the parties' briefs and considering all available governing authority, the Court has concluded that the motion must be granted.

## FACTS

According to the Amended Complaint [Docket No. 6] in this case, Brandon Phillips (hereinafter "Brandon") was 12 years old in April 2007 when he suffered a fall to his left side during a basketball game. On April 5, 2007, complaining of pain to his left leg, Brandon visited the Choctaw Health Center (hereinafter "CHC"), which the United States Department of Health and Human Services owns and operates in Philadelphia, Mississippi. The CHC diagnosed Brandon with a muscle strain, injected him with a pain reliever, and instructed Brandon to take

1

Motrin and to apply ice.

Two days later, Brandon returned to the CHC complaining of severe pain and unable to walk. His blood pressure had dropped significantly from his previous visit, and his white blood cell count was elevated, but the CHC again sent Brandon home with instructions to take pain relievers.

On April 8, 2007, Brandon was admitted to Neshoba County Hospital with difficulty breathing and severe pain in his left hip. He was transferred to University Medical Center (hereinafter "UMC") in Jackson by ambulance, but not before the ambulance rerouted to Leake Memorial Hospital to stabilize his deteriorating condition.

At UMC, Brandon was diagnosed with a septic hip and related ailments. After more than two months in the hospital, Brandon died from multiple organ failure and sepsis syndrome on June 12, 2007.

On December 19, 2008, Brandon's mother, Wendy Chickaway (hereinafter "Chickaway"), "individually and on behalf of the Estate of Brandon Phillips, and on behalf of M.S., T.P., and T.T.," filed administrative claims with the Department of Human Services. Am. Complaint at 4. More than six months passed without a resolution to the claims, and on February 11, 2011, Chickaway filed suit against the United States of America individually and in her capacity as "administrator and personal representative of the Estate of Brandon Phillips." Complaint [Docket No. 1] at 1. Chickaway later filed a First Amended Complaint on March 1, 2011.

That same day, Brandon's natural father, Edward Phillips (hereinafter "Phillips"), moved to intervene [Docket No. 8] as a plaintiff, arguing that he should be permitted to participate in the

litigation because Mississippi law permits just one wrongful-death case per cause of action. *Long v. McKinney*, 897 So. 2d 160, 174 (Miss. 2004). Neither Chickaway nor the Government opposed Phillips's motion. The magistrate judge granted that request by text order on March 23, 2011.

On June 13, 2011, the United States moved to dismiss Phillips' claims [Docket No. 19] pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Specifically, the United States argued that Phillips had failed to file an administrative claim with the Department of Health and Human Services, thereby depriving the Court of subject-matter jurisdiction. *See* Motion to Dismiss at 2. The United States further argued that Phillips had violated the two-year statute of limitations by waiting for nearly four years to act on any potential cause of action.

Phillips responded [Docket No. 22] by contending that although he had not filed an administrative claim and Chickaway's claim had not included his name, Mississippi law necessarily includes him, as Brandon's natural father, among the child's wrongful-death beneficiaries. *See* Miss. Code Ann. 11-7-13. Therefore, according to Phillips, Chickaway's administrative claim on behalf of Brandon's estate served to satisfy the administrative requirement for Phillips and all other beneficiaries, thereby effectively excusing his failure to submit a claim on his own account. Phillips Memorandum in Opposition to Motion to Dismiss [Docket No. 23] at 2. With the exception of denying that his claim should be dismissed at time-barred, Phillips did not address the United States' arguments regarding the statute of limitations. Phillips Resp. in Opp. at 2.

## ANALYSIS

Rule 12(b)(1) of the Federal Rules of Civil Procedure concerns the most fundamental

3

requirement of a court's authority: subject-matter jurisdiction, "the courts' statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). That requirement cannot be waived, *see Clinton v. New York*, 524 U.S. 417, 428 (1998), and therefore, an apparent absence of subject-matter jurisdiction permits only one course of action: dismissal.

Title 28, Section 2675 of the United States Code permits no claim for money damages against the United States to be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." 28 U.S.C. § 2675(a). Such a presentation is no mere procedural nicety; for claims brought under the Federal Tort Claims Act, like the one at hand, the submission of an administrative claim is "a jurisdictional prerequisite to filing suit . . . ." *Cook v. United States ex rel. U.S. Dept. of Labor*, 978 F.2d 164, 166 (5th Cir. 1992). *See also Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980) ("litigant may not base any part of a tort action against the United States on claims not presented to the appropriate administrative agency").

Phillips admits that he did not pursue an administrative remedy before moving to intervene in the case at bar. Phillips Memo in Opp. at 1. Instead, Phillips contends that because Mississippi law includes him, as Brandon's natural father, within the membership of Brandon's estate, Chickaway's administrative claim on behalf of that estate served to satisfy Phillips' obligation. *See* Miss. Code Ann. § 11-7-13 ("[I]f the deceased has no husband, nor wife, nor children, the damages shall be distributed equally to the father, mother, brothers and sisters, or such of them as the deceased may have living at his or her death.")

To support his argument, Phillips relies on the Fifth Circuit's decision in *Transco Leasing*

4

*Corp. v. United States*, 896 F.2d 1435 (5th Cir. 1990). *Transco* concerned, among other issues, the wrongful-death suit of an airplane pilot's estate against the United States and the attempts of the estate's executor, a bank, to recover on behalf of the pilot's widow and daughter. The district court initially granted summary judgment in favor of the United States after concluding that the bank's administrative claim failed to name either the widow or daughter as a claimant and, instead, listed the estate's executor as the claimant. But the Fifth Circuit reversed that decision after "conclud[ing] that the administrative claim form submitted by the [b]ank, on behalf of [the pilot's] widow and daughter, satisfied the jurisdictional notice requirements . . . : (1) the agency was given sufficient written notice to commence investigation; and (2) a value was placed on the claim." *Id.* at 1444 (citing *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980), *clarified*, 622 F.2d 197 (5th Cir. 1980)). Likewise, Phillips argues that Chickaway's administrative claim so advised the Department of Health and Human Services, thereby effectively notifying the United States of Phillips' claim.

But Phillips' reliance on *Transco* is misplaced. In *Transco*, the issue before the Fifth Circuit was whether the bank's failure to delineate the pilot's survivors as claimants precluded the bank, acting as executor of the pilot's estate, from recovering on their behalf. But in this case, the question is not whether the estate has entitled itself to recover for Brandon's death on behalf of his survivors; instead, the question is whether Chickaway's administrative claim on behalf of Brandon's estate entitles Phillips to proceed with a claim independent of the estate's cause of action. *Transco* did not so hold, and if any other authority suggests the existence of such a right, then this Court has been unable to find it.

A similar case likewise demonstrates the error of Phillips' position. In *Rise v. United*

5

*States*, *supra*, the Fifth Circuit held that an imperfect administrative claim that was sufficient to provide an agency with constructive notice could vest a federal court with subject-matter jurisdiction over that claim, notwithstanding the administrative claim's imprecision. *Rise*, 630 F.2d at 1071-72. But the *Rise* Court reached its decision only after concluding that the notice requirement's purpose – "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States," *id.* at 1071 – was fulfilled "as long as a[n administrative] claim brings to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability and to conduct settlement negotiations *with the claimant*." *Id.* (emphasis added). In *Transco*, the administrative claim's omission of the estate members' names did not preclude the United Stats from conducting settlement negotiations with the estate's administrator on behalf of the members of the estate. But here, Phillips' failure to submit an administrative claim deprived the United States of notice, constructive or otherwise, of a possible need to discuss a resolution of any claims belonging to him; indeed, prior to his effort to intervene in this case, the record contains no hint that the Government even knew that Phillips existed.[1]

Instead, the Court is persuaded by caselaw presented by the United States that subject-

---

[1] In fact, the record before the agency actually suggests that Phillips did not exist. Chickaway's administrative claim notes that it is the claim of "Wendy Chickaway Individually and on Behalf of [T.P.], [M.S.], [T.T.,] Minor Children, and Wendy Chickaway on Behalf of the Estate of Brandon Phillips." Letter from Chickaway's counsel to agency with submission of the SF-95 [Docket No. 31-1]. The submission further notes that damages are being pursued for "[a]ll wrongful death and survival actions cognizable under the law." [Docket No. 31-1] at 5. Furthermore, as the mother, Wendy Chickaway is seeking damages to which she is entitled under state and federal law. *Id*. at 5-6. Counsel for Chickaway also provided the agency a copy of its letter of representation that it had entered into with Wendy Chickaway, individually, and on behalf of the decedent's estate. *Id*. at 8-9. Nothing within these submissions would have put the agency on notice that Edwards Phillips might be pursuing any claims.

matter jurisdiction is absent. In *Wilke v. United States*, 2009 WL 590450 (S.D. Miss. 2009) (Guirola, J.) (cited by 5B C. Wright & A. Miller, Federal Practice and Procedure: Civil 3d § 1350 n.5 (3d ed. 2011)), the Court granted the Government's motion to dismiss the derivative claims of a wife who, along with her husband, filed suit for medical malpractice visited upon the husband. All parties involved agreed that the husband presented an administrative claim regarding his injuries and that the wife did not, but the plaintiffs argued – as Phillips does in the case at bar – that the husband's claim provided sufficient notice to satisfy the wife's obligation to exhaust her administrative remedies. *Id.* at *2. Judge Guirola disagreed and granted the Government's motion to dismiss her claim, holding that "[i]n short, one spouse may not rely on the administrative claim of another spouse" to satisfy Section 2675(a). *Id.* at *3 (quoting *Walker v. United States*, 471 F. Supp. 38, 42 (D.C. Fla. 1978), *aff'd*, 597 F.2d 770 (5th Cir. 1979)).

      This Court is compelled to agree with the holding in *Wilke*. Fundamentally, the issue at hand is one regarding the federal government's abrogation of its sovereign immunity, and such provisions must be construed strictly in favor of the sovereign. *Texas Clinical Labs, Inc. v. Sebelius*, 612 F.3d 771, 778 n.2 (5th Cir. 2010). Phillips wishes to proceed as a claimant, independent of Brandon's estate, despite having failed to exhaust his administrative remedies in accord with Section 2675(a). Federal law prohibits him from doing so.

      Indeed, the only case that Phillips offers in his support rested centrally on the proposition that "[a] claim is properly presented within the meaning of § 2675(a) when the agency is given sufficient written notice to commence investigation and *the claimant* places a value on the claim." *Transco*, 896 F.2d at 1442 (emphasis added). *See also* 28 U.S.C. § 2675(a) (no claim for money damages against the United States "unless *the claimant* shall have first presented the

claim to the appropriate Federal agency and *his claim* shall have been finally denied by the agency in writing . . .") (emphasis added). In the dispute at hand, the claimant at issue is Phillips, and even he concedes that he did not comply with the dictates of Section 2675. Therefore, the Court is without jurisdiction over the subject matter of his claims and has no choice but to dismiss them.

But this decision is somewhat tempered as Phillips correctly argues that Mississippi law necessarily includes him within the membership of Brandon's estate. Miss. Code Ann. § 11-7-13. In that sense, he maintains an interest in the case at bar, albeit as a member of the estate rather than as an independent plaintiff. Although his failure to exhaust administrative remedies prevents him from directing the course of this litigation, when and if the case ends in favor of Chickaway (in her capacity as administrator of Brandon's estate), then Phillips will be entitled to the portion of the recovery set out by law for a natural parent.

Because the exhaustion element to the United States' motion is dispositive, the Court declines to evaluate the question of whether the statute of limitations barred Phillips' intervention.

The United States' Motion to Dismiss Edward Phillips [Docket No. 19] is granted. All claims raised by Chickaway remain unaddressed and undisturbed by this Order.

SO ORDERED this Eighth day of July 2011.

                                           /s/ *Carlton W. Reeves*
                                           Hon. Carlton W. Reeves
                                           United States District Court Judge