IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| WENDY CHICKAWAY, INDIVIDUALLY AND AS ADMINISTRATOR AND PERSONAL REPRESENTATIVE OF THE ESTATE OF BRANDON PHILLIPS, A MINOR, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF BRANDON PHILLIPS, DECEASED | PLAINTIFF |
| V. | CAUSE NO. 4:11-CV-00022-CWR-LRA |
| UNITED STATES OF AMERICA | DEFENDANT |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

The familiar elements of any negligence claim are duty, breach, causation, and damages. In this case, the central question (but not the only question) at hand is whether a plaintiff must prove those elements in any particular order – specifically, whether causation can be proven before the duty and breach are established. Mississippi law clearly establishes that it cannot. Therefore, the plaintiff is not entitled to partial summary judgment solely on the element of causation.

However, because the defense has failed to offer any evidence in support of an affirmative defense, the plaintiff's motion for partial summary judgment is granted in part and denied in part.

**FACTS**

Brandon Phillips died of organ failure on June 12, 2007, after a basketball injury became

infected and eventually led to hip sepsis.¹ He was 12 years old. In time Phillips' mother, Wendy Chickaway, brought suit on behalf of Phillips' estate against the United States of America for medical malpractice.² Specifically, Chickaway contends that the employees of the Choctaw Health Center in Philadelphia, Mississippi, acted negligently by failing "to properly examine, care for, diagnose, test, threat and follow-up [*sic*] Brandon Phillips even though he had signs and symptoms of septic hip."³

Discovery ensued, and on April 9, 2012, Chickaway moved for partial summary judgment on the element of causation and on all affirmative defenses relevant to causation.⁴

## ANALYSIS

**The Causation Element.** Chickaway argues that the "[d]efendant's designated expert witness has admitted causation and that no other person was at fault for Brandon Phillips'

---

¹ Complaint [Docket No. 1] at 1-2.

² Plaintiff's Complaint is brought pursuant to the Federal Tort Claims Act, which authorizes suits against the United States

> for injury or loss of property, or personal injury or death caused by negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 2672.

³ Complaint at 6.

⁴ Plaintiff's Motion for Partial Summary Judgment on the Element of Causation [Docket No. 64] at 1.

death."⁵ Because the United States has not designated an expert on the question of causation,⁶ Chickaway argues that the evidence no longer leaves any room for dispute on the issue.

The United States responds by arguing that the issue is premature. According to the United States, Mississippi law requires that a plaintiff in a negligence action first prove duty and a breach thereof before proving causation. In support of that position, the United States relies on a 2001 district court decision in which Judge Wingate recited the elements of medical malpractice under Mississippi law:

> Under Mississippi law, in order to establish a case of medical malpractice, the plaintiff, (1) after establishing the doctor-patient relationship and its attendant duty, is generally required to present expert testimony, (2) identifying and articulating the requisite standard of care, and (3) establishing that the defendant physician failed to conform to the standard of care, (4) *then* must prove that the physician's noncompliance with the standard of care caused the plaintiff's injury, as well as proving (5) the extent of the plaintiff's damages.⁷

The United States contends that by using the word "then," Judge Wingate indicated that a plaintiff must prove causation only after establishing duty and breach.

Chickaway offers three points in rebuttal to this argument. First, Chickaway points out that the Mississippi Supreme Court opinion on which Judge Wingate relied did not use the word "then." Instead, the Mississippi Supreme Court held that a medical malpractice plaintiff must prove duty and breach, and that "[i]n addition, the plaintiff must prove" causation.⁸ Second,

---

⁵ Plaintiff's Memorandum in Support of Its Motion for Partial Summary Judgment on the Element of Casuation [Docket No. 65] (hereinafter "Plaintiff's Brief") at 1.

⁶ Plaintiff's Brief at 4.

⁷ *Shirley v. McCraney*, 241 F. Supp. 2d 677, 682 (S.D. Miss. 2001) (Wingate, J.) (emphasis added) (citing *Ladner v. Campbell*, 515 So. 2d 882, 887-88 (Miss. 1987)).

⁸ *Ladner*, 515 So. 2d at 887 (emphasis added).

3

Chickaway recounts that the Federal Rules of Evidence require no specific order of proof.[9] And third, Chickaway offers several decisions from other jurisdictions in which courts addressed the issue of causation prior to addressing the first two traditional elements of negligence.[10]

Of the parties, the United States has the better end of the argument. First, the United States appears to be correct that Mississippi courts have required proof of duty and breach prior to entertaining proof of causation.[11] Second, Rule 104 of the Federal Rules of Evidence provides only that courts "may" admit proposed evidence prior to introduction of other evidence; the power is not mandatory. Additionally, federal courts are obligated to apply state substantive

---

[9] "When the relevance of evidence depends upon whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that proof may be introduced later." Fed. R. Evid. 104(b).

[10] Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Partial Summary Judgment on the Element of Causation [Docket No. 73] at 3 (citing, e.g., *Schneider v. Chickadel*, 2003 WL 21542318 (D. Del. July 8, 2003)).

[11] *McDonald v. Mem'l Hosp. at Gulfport*, 8 So. 3d 175 (Miss. 2009) (Carlson, P.J.) ("In order to establish a prima facie case of medical negligence, [a plaintiff] must prove that . . . the defendant's breach of duty was a proximate cause of the plaintiff's injury . . . .") (quotations omitted); *Todd v. First Baptist Church of West Point*, 993 So. 2d 827, 829 (Miss. 2008) (Smith, C.J.) ("The elements of a prima facie case of negligence are duty, breach, causation, and damages. Duty and breach must be established first.") (citations omitted); *Spotlite Skating Rink, Inc. v. Barnes*, 988 So. 2d 364, 368 (Miss. 2008) (Diaz. P.J.) ("As with any negligence case, a plaintiff must prove . . . a causal connection between the breach and the damages, such that the breach is the proximate cause of the damages."); *Callicutt v. Prof'l Servs. of Potts Camp, Inc.*, 974 So. 2d 216, 221 (Miss. 2007) (Easley, J.) (plaintiff in a negligence suit must prove duty, breach, and that the "breach of that duty was the cause of the alleged damages"); *Foster v. Bass*, 575 So. 2d 967, 972 (Miss. 1990) ("Recovery must be denied where a plaintiff fails to prove any one of these elements, [but o]nly when the first two items are shown is it possible to proceed to a consideration of proximate cause since a duty and breach of that duty are essential to a finding of negligence under the traditional and accepted formula."). As indicated herein, the order of proof in a case claiming general negligence also apples in medical malpractice cases. *Palmer v. Biloxi Reg'l Med. Ctr., Inc.*, 564 So.2d 1346, 1354 (Miss. 1990); *Wolfe v. U.S.*, No. 3:069cv412HTW-LRA, 2010 WL 1374598, *3 (S.D. Miss. 2010).

4

law.¹² And third, Mississippi law does not yield to other state courts' decisions on the relationship between the elements in a negligence lawsuit. Mississippi law is clear: the causation element cannot be proven unless a plaintiff first proves duty and a breach thereof.

And because a dispute exists between the parties' experts on whether the United States' employees violated the relevant standard of care,¹³ a genuine issue of material fact precludes the Court from reaching the causation question at this time.

**Contributory Negligence.** Notwithstanding the required order of proof, Chickaway contends that she still is entitled to summary judgment on one of the United States' affirmative defenses. Specifically, Chickaway argues that the United States offered no evidence in support of its contributory-negligence defense.

Chickaway relies on the deposition testimony of Dr. Andrew Hannapel, the defendant's expert, who explicitly declined to assign fault to Brandon Phillips or to his parents.¹⁴ But in the United States' view, this testimony should not altogether foreclose the possibility that it could prove contributory negligence in some other manner.¹⁵ If the United States had offered any proof in support of that defense, then it would be correct. But defendants bear the burden of proving

---

¹² *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). *See also Papale v. United States*, 2011 WL 831180, *3 (S.D. Miss. Mar. 3, 2011) ("Because the alleged negligence occurred in Mississippi, its substantive law governs the action.") (citing 28 U.S.C. § 2674 and *Hatahley v. United States*, 351 U.S. 173 (1956)).

¹³ A defense expert has opined that the employees of the Choctaw Health Center did not breach the appropriate standard of care. *See* Defendant's Response to Plaintiff's Motion for Partial Summary Judgment on the Element of Causation [Docket No. 70] (hereinafter "Defendant's Brief") at 3.

¹⁴ Plaintiff's Brief at 5.

¹⁵ Defendant's Brief at 4-5.

5

their affirmative defenses,[16] and without specific evidence in support of the contributory-negligence theory, the United States has failed to create a genuine issue of material fact.

## CONCLUSION

For all claims rooted in negligence, Mississippi law does not permit causation to be proven without proof of duty and breach. Therefore, Chickaway is not entitled to partial summary judgment on that portion of her medical-malpractice claim.

However, because the United States has failed to offer any evidence in support of its contributory-negligence affirmative defense, Chickaway is entitled to partial summary judgment thereon.

In those regards, the motion for partial summary judgment is granted in part and denied in part.

SO ORDERED this Fourteenth day of June 2012.

/s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge

---

[16] *Johnson v. Howell*, 213 Miss. 195, 199, 56 So. 2d 491 (1952). *See also Tillman v. Richtown Tie & Timber Co.*, 224 Miss. 789, 794, 80 So. 2d 745 (1955).