IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| WENDY CHICKAWAY, Individually and as Administrator and Personal Representative of the Estate of Brandon Phillips, a Minor, and on Behalf of All Wrongful Death Beneficiaries of Brandon Phillips, Deceased, and EDWARD PHILLIPS, Natural Father of Brandon Phillips, Deceased | PLAINTIFFS |
| V. | CAUSE NO. 4:11-CV-00022-CWR-LRA |
| UNITED STATES OF AMERICA | DEFENDANT |

### ORDER DENYING MOTION FOR RECONSIDERATION

When a court considers a motion for summary judgment, the burden rests with the non-movant to demonstrate the existence of a genuine issue of material fact.[1] This Court has explained as follows:

> If the moving party shows that the non-moving party presented insufficient evidence in support of its allegations, the nonmovant must come forward with *specific* facts showing a genuine factual issue for trial . . . *Pointing to and setting forth those specific facts is the responsibility of the non-movant*, and these facts must consist of more than conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation. . . Additionally, the court resolves factual controversies for purpose of summary judgment in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Where there is no proof of contradictory facts, the court will not assume that [the] nonmoving party could or would prove the necessary facts.*[2]

---

[1] *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002).

[2] *Covington v. Kemp*, No. 4:10-CV-213, 2012 WL 2415188, *2 (S.D. Miss. June 26, 2012) (internal quotations, citations and alterations omitted) (emphasis added). *See also Lee v. Nat'l R.R. Passenger Corp. (Amtrak)*, No. 3:10-CV-392, *2 (S.D. Miss. Dec. 27, 2011).

In this case, the Court granted partial summary judgment against the Government after it offered no evidence in support of its defense of contributory negligence.[3] No genuine issue was triggered on this point. The Government now asks the Court to reconsider that ruling[4] because, among other reasons, the Government believes that it had "no obligation to contact every available witness to double check statements made by the plaintiff under penalty of perjury"[5] or to otherwise seek out witnesses that might have offered testimony in support of its theory.

That is not so. A party opposing a motion for summary judgment bears the burden of demonstrating the existence of a disputed issue. If no evidence exists to create a dispute, then the court must grant summary judgment. In this case, the plaintiff moved for partial summary judgment on a defense that enjoyed no evidentiary support. The only proper decision was to grant the motion.

The Court is not compelled by the fact that the Government now purports to have discovered evidence in support of its now-rejected defense. The Government admits that this evidence was available during the discovery process. It simply did not pursue the evidence "because there was no reason to believe that plaintiff would be untruthful about the approval

---

[3] *Chickaway v. United States*, No. 4:11-CV-00022-CWR-LRA, 2012 WL 2222848, *2 (S.D. Miss. June 14, 2012).

[4] Defendant's Motion for Reconsideration of the Order Dated June 14, 2012 Granting Plaintiffs' Motion for Summary Judgment on the Issue of Contributory Negligence [Docket No. 89] (hereinafter "Motion for Reconsideration").

[5] Defendant's Reply to Plaintiff's Response to Defendant's Motion for Reconsideration of the Order Dated June 14, 2012 Granting Plaintiffs' Motion for Summary Judgment on the Issue of Contributory Negligence [Docket No. 94] at 4.

process in her deposition and in sworn responses to discovery."[6]

When involved in litigation, it is OK to trust, but it is even better – as one of our former presidents stated – to "trust, but verify."[7] To allow such evidence for the *sole* purpose of supporting the Government's defense of contributory negligence retroactively would effectively render the discovery process meaningless.

The Defendant's Motion for Reconsideration of the Order Dated June 14, 2012 Granting Plaintiffs' Motion for Summary Judgment on the Issue of Contributory Negligence is denied.

SO ORDERED this Third day of August 2012.

/s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge

---

[6] Motion for Reconsideration at 4.

[7] *United States v. W.R. Grace*, 526 F.3d 499, 527 n.15 (9th Cir. 2008) (citing Remarks on Signing the Intermediate-Range Nuclear Forces Treaty, II Pub. Papers 1455 (Dec. 18, 1987) (Ronald Reagan)).