IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| WENDY CHICKAWAY, INDIVIDUALLY AND AS ADMINISTRATOR AND PERSONAL REPRESENTATIVE OF THE ESTATE OF BRANDON PHILLIPS, A MINOR, AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF BRANDON PHILLIPS, DECEASED | PLAINTIFF |
| V. | CAUSE NO. 4:11-CV-00022-CWR-LRA |
| UNITED STATES OF AMERICA | DEFENDANT |

### ORDER GRANTING MOTION IN LIMINE

In Mississippi, it has been "long established"[1] that payments from a collateral source cannot be introduced to diminish a plaintiff's economic damages, and "Medicaid payments are subject to the collateral source rule."[2] For that reason, Chickaway's motion *in limine* requesting exclusion of evidence regarding Medicaid payments is granted.

In this medical-malpractice case, Chickaway's claim for damages includes medical bills totaling $894,173.07.[3] At this matter's pretrial conference, the Government represented that Medicaid negotiated the medical bills down to approximately $91,000, and it hopes to introduce evidence of that fact to reduce the amount of potential economic damages.

This dispute turns on the familiar "collateral source rule," which differs slightly from

---

[1] *Robinson Prop. Grp. L.P. v. Mitchell*, 7 So. 3d 240, 244 (Miss. 2009).

[2] *Brandon HMA, Inc. v. Bradshaw*, 809 So. 2d 611, 619 (Miss. 2001).

[3] Motion in Limine to Exclude Collateral Sources of Medical Payment [Docket No. 84] at 1.

state to state.[4] In Mississippi, the collateral source rule provides that "[c]ompensation or indemnity for the loss received by plaintiff from a collateral source, wholly independent of the wrongdoer, as from insurance, cannot be set up by the latter in mitigation or reduction of damages . . . ."[5]

Chickaway argues that the Medicaid payment in this case is a payment from a collateral source, and she rests her position principally on two Mississippi Supreme Court decisions handed down in 2001 and 2002. In *Brandon HMA, Inc. v. Bradshaw*,[6] a jury returned a verdict in favor of the plaintiff in a medical-malpractice suit. The medical provider argued on appeal that the trial judge had erred by allowing the plaintiff to recover the full amount of her medical bills, even though a portion had been "written off" by Medicaid. The Mississippi Supreme Court rejected that argument and held that Medicaid payments, like insurance payments or any other sort of collateral-source payments, cannot be used by a defendant "to reduce the cost of its own

---

[4] For a very insightful discussion of the collateral source rule and the approaches that various states use in addressing the rule, *see* Dan B. Dobbs, Paul T. Hayden & Ellen Bublick, *The Law of Torts* § 482 (2d ed. 2011).

[5] *Coker v. Five-Two Taxi Serv.*, 211 Miss. 820, 826, 52 So. 2d 356 (1951). *See also* Jeffrey Jackson & Mary Miller, 4 Ency. of Miss. Law § 25.43 ("Recovery may not be reduced by compensation received from wholly independent third parties. This rule does not apply to payments made by the tortfeasor himself or herself."); *id*. (Supp. 2012) (citing *Brandon HMA*, 809 So. 2d 611); Robert A. Weems & Robert M. Weems, *Mississippi Law of Torts* § 18.7 (November 2011) (Mississippi's collateral source rule "permit[s] plaintiff to include in his proof of medical expenses the portion of those expenses that were 'written off' by medical providers pursuant to Medicare and Medicaid regulations."). A primary purpose of the rule is that "the defendant wrongdoer should not . . . get the benefit of payments that come to the plaintiff from a 'collateral source' (that is collateral to the defendant)." Harper, James and Gray on Torts § 25.22 (3d ed. 2007).

[6] *Supra* at n.1.

wrongdoing."[7] The *Brandon HMA* Court explicitly "h[e]ld that Medicaid payments are subject to the collateral source rule."[8]

A year later, in *Walmart Stores, Inc. v. Frierson*,[9] the Mississippi Supreme Court reaffirmed *Brandon HMA* in a slip-and-fall case. In *Frierson*, Medicaid and Medicare paid a portion of the plaintiff's medical bills, and the remaining sum was "written off." The defendant moved to forbid the plaintiff from introducing evidence regarding the amount written off, but the trial judge denied that motion, and the Mississippi Supreme Court affirmed. The *Frierson* Court reiterated that "Medicaid payments are subject to the collateral source rule" and that "a tortfeasor cannot mitigate its damages by factoring in compensation the plaintiff received from a collateral source other than the tortfeasor, such as insurance."[10]

The Government relies on a more recent case. In 2011, the Mississippi Supreme Court held in *McGee v. River Region Medical Center*[11] that Medicaid payments do not necessarily fall under the collateral source rule. In that case, a plaintiff filed a medical-malpractice suit against a hospital which had written off a portion of its medical bills after a Medicare payment. The *McGee* Court reviewed the holdings announced in *Brandon HMA* and *Frierson* and concluded that those earlier decisions "do not . . . establish a *per se* rule that 'written-off' medical expenses

---

[7] *Id.* at 618.

[8] *Id.* at 619.

[9] *Walmart Stores, Inc. v. Frierson*, 818 So. 2d 1135 (Miss. 2002).

[10] *Id.* at 1139.

[11] *McGee v. River Region Med. Ctr.*, 59 So. 3d 575 (Miss. 2011).

are admissible."[12] The difference between the conclusion reached in *Brandon HMA* and *Frierson* and the situation presented by *McGee*, the Court said, was that in the 2001 and 2002 cases, the collateral payments were made by someone other than the tortfeasor. In contrast, the *McGee* Court observed that its case involved a payment (that is, the amount written off) by the defendant itself.[13] Therefore, the source of the payment was not "wholly independent of the tortfeasor."[14]

In this case, the Government argues that the same scenario is presented: in other words, that it is both the tortfeasor and the source of the Medicaid payments.[15] That argument is not compelling.

The difference between this case and the one facing the Mississippi Supreme Court in *McGee* is that Chickaway's medical bills were not written down by the defendant. The *McGee* Court reasoned that if a hospital first wrote off a portion of a plaintiff's medical bills and then were held civilly liable for the full amount, then the hospital essentially would have paid the written-off amount twice.[16]

But in this case, the entities that wrote down Chickaway's medical bills are not the United States but, rather, various hospitals that are not defendants to this lawsuit. Of course, the United

---

[12] *Id.* at 581.

[13] *Id.*

[14] *Id.* (citing *Coker*, 52 So. 2d at 357).

[15] Additionally, this case is different according to the Government because of the "stark difference between the amount listed on the medical bills, $964,493.03 and the amount actually paid by Medicaid, $91,766.30." Supplemental Response in Opposition to Plaintiff's Motion in LImine to Exclude Collateral Sources of Medical Payments [Docket No. 88] at 2.

[16] *McGee*, 59 So. 3d at 581.

States is the only proper defendant in a Federal Tort Claims Act case,[17] but that fact alone does not mean that the United States also is the tortfeasor.[18] And because the United States is not the entity that did the "writing down," it is not entitled to diminish its liability by circumventing the collateral source rule.[19]

---

[17] *Menchaca v. Frank*, 993 F.2d 1544, *1 (5th Cir. 1993).

[18] *See, e.g.*, *Linn v. United States*, 281 Fed. Appx. 339, 344 (5th Cir. 2008) (favorably quoting *Means v. United States*, 176 F.3d 1376, 1379 (11th Cir. 1999)) ("The alleged tortfeasor's status as an 'employee of the government' is the *sine qua non* of liability under the FTCA."); *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006) ("But even if the tortfeasor's conduct is within the scope of his government employment . . ."); *Leleux v. United States*, 178 F.3d 750, 758 (5th Cir. 1999) ("[I]n *Truman*, the plaintiff alleged that the tortfeasor was acting in the scope of his employment when he committed a tortious act upon her . . . ."). *But see Dickens v. United States*, 545 F.2d 886, 892 (5th Cir. 1977) ("Since the Government is the alleged tortfeasor, its liability is determined by reference to the Federal Tort Claims Act.").

[19] Although, like many other states, Mississippi has enacted various "tort reform" measures in years since the decision in *Brandon HMA*, *see, e.g.*, Miss. Code Ann. § 11-1-60(2)(a) (effective Sept. 1, 2004) (capping noneconomic damages in medical malpractice cases at $500,000), unlike a number of other states, it has not sought to abolish or limit the collateral source rule. *See Law of Torts* at § 482 ("As part of a tort reform program, around half of the states have abolished or limited the collateral source rule for specified claims, frequently medical malpractice claims and those against public entities."). *See also* 4 Ency. of Miss. Law § 25.43. The government asks this Court to apply the collateral source rule in a manner that has not been blessed by the Mississippi Supreme Court or sanctioned by the Mississippi Legislature. The Legislature is presumed to be aware of case law relevant to statutes it amends or enacts. *Triplett v. United States*, 213 F. Supp. 887, 889 (D. Miss. 1963); *Sutherland Statutory Construction* § 51:1 at 203 (7th ed. 2008). It has not ordered the Mississippi Courts to proceed as the United States would have this Court proceed, and it certainly could have exempted from the collateral source rule write-offs or other payments made by Medicaid or other government agencies. Furthermore, the Court rejects the Government's argument that the injured plaintiff should not receive the benefit of what is an overwhelming windfall. If there is a windfall from which one is to benefit, the injured plaintiff and not the tortfeasor should receive that windfall. *See Lopez v. Safeway Stores, Inc.*, 212 Ariz. 198, 203, 129 P.3d 487, 492 (2006); *Volunteers of Am. Colorado Branch v. Gardenswartz*, 242 P.3d 1080, 1082-83 (Colo. 2010) ("Double recovery is permitted to an injured plaintiff because the plaintiff should be made whole by the tortfeasor, not by a combination of compensation from the tortfeasor and collateral sources.") (citation omitted); *Acuar v. Letourneau*, 260 Va. 180, 531 S.E.2d 316, 323 (2000) ("The wrongdoer cannot reap the benefits of a contract for which the wrongdoer paid no compensation."); *Pipkins*, 466 F. Supp. 2d

And because *McGee* does not control, the Court is left with Mississippi's broader view of Medicaid payments, which is that they are indeed subject to the collateral source rule.[20] For that reason, Chickaway's motion *in limine* is granted.

SO ORDERED this Seventh day of August 2012.

/s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge

---

at 1262 (allowing the tortfeasor to receive a windfall is tantamount to him receiving credit for the collateral source, which thwarts the policy rationale for the adoption of the collateral source rule).

[20] *Brandon HMA*, *supra* at n.1. *See also* The Law of Torts, § 482, n.29 (citing *Frierson*, *supra*, for the proposition that most courts "permit the plaintiff a full recovery," notwithstanding the benefit of a Medicare or Medicaid payment.); *Lopez, supra*, at 129 P.3d at 495 (explaining that a majority of the courts provide that plaintiffs are entitled to claim and recover the full amount of medical expenses; even thoses written off pursuant to contractual rate reduction). Mississippi is in that majority. *Frierson*, 818 So. 2d at 1139-40; *Knox v. Ferrer*, 5:07cv6, 2008 WL 4446534 (S.D. Miss. Sept. 25, 2008) (Bramlette, J.) (noting that money paid by insurance companies, gratuitous medical care, gratuitous gifts and amounts written off by medical providers are collateral sources); *Foradori v. Captain D's, LLC*, 1:03cv669, 2005 WL 6736846 (N.D. Miss. Sept. 29, 2005) (Mills, J.) (rejecting defendant's argument that collateral source rule should only be applied to medical expenses incurred and not those which were written off).