D-19 -while

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br><br>Choctaw Health Center<br>Route 7, Box R50<br>Philadelphia, Mississippi 39350 | 2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.) (Number, street, city, State and Zip Code)*<br>Wendy Chickaway on Behalf of the Estate of Brandon Phillips<br>11900 Road 149<br>Philadelphia, Mississippi 39350<br>***REPRESENTED BY COUNSEL*** |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>3/11/1995 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>SEE ATTACHED | 7. TIME *(A.M. or P.M.)*<br>SEE ATTACHED |
|---|---|---|---|---|

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof.) (Use additional pages if necessary.)*

SEE ATTACHED

RECEIVED

DEC 19 2008

Attorney General's Office
By:_____

RECEIVED

L. .

Attorney General's Office
By:_____

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

NOT APPLICABLE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

SEE ATTACHED

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* |
| SEE ATTACHED | |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(In dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| | 5,000,000.00 | | 5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)*<br>Wendy Chickaway | 13b. Phone number of signatory<br>512-266-7676/ATTORNEY | 14. DATE OF CLAIM<br>10/16/08 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95-109
Previous editions a[...]          NSN 7540-00-634-4046          [STA]NDARD FORM 95 (Rev. 7-85) (EG)
[PRE]SCRIBED BY DEPT. OF JUSTICE
[28] CFR 14.2

EXHIBIT
D-19
tabbies

Plaintiff's Exhibit
P18
4:11-cv-00022

EXHIBIT A

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following:  5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS
### Complete all items - Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.  THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplemental regulations also.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid".  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to  Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20603

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

**15. Do you carry accident insurance?** ☐ Yes, if yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. ☐ No

NOT APPLICABLE

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| NOT APPLICABLE | NOT APPLICABLE |

**18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim?** *(It is necessary that you ascertain these facts)*

NOT APPLICABLE

**19. Do you carry public liability and property damage insurance?** ☐ Yes, if yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* ☐ No

NOT APPLICABLE

SF 95 (Rev. 7-85) BACK

2 of 5

**CONTINUATION PAGE**
**CLAIM FOR DAMAGE, INJURY, OR DEATH**

**#2    NAME, ADDRESS OF CLAIMANT AND CLAIMANT'S PERSONAL REPRESENTATIVE, IF ANY:**

Claimant's Personal Representative
Michael Archuleta (Attorney for Claimant)
Jamal K. Alsaffar (Attorney for Claimant)
Laurie Higginbotham (Attorney for Claimant)
Archuleta, Alsaffar & Higginbotham
P.O. Box 340639
Austin, Texas 78734
Telephone (512) 266-7676
Telefax (512) 266-4646

**#6    DATE AND DAY OF ACCIDENT AND  #7 TIME:**

This claim concerns the substandard medical, nursing and hospital care provided by agents, servants, and employees of the United States at the Choctaw Health Center (CHC) in Philadelphia, Mississippi to Brandon Phillips on or about 4/5/07 through 4/8/07 leading to his death on 6/12/07.

**#8    BASIS OF CLAIM:**

This claim concerns the substandard medical, nursing and hospital care provided by agents, servants, and employees of the United States at the Choctaw Health Center to Brandon Phillips for failure to properly examine, care for, diagnose, test, treat and follow-up Brandon Phillips leading to his death on 6/12/07.

The minor child, Brandon Phillips, 12 years old, was seen on or about 4/5/07 at the Choctaw Health Center (CHC) due to pain in his left leg. Brandon had fallen on his left side during a basketball game the day before. According to the records, at the CHC, Brandon complained of left groin pain, pain in his upper left leg. The pain was reported as 3 on a scale of 10. On exam, it was noted he had tenderness to palpitation to his left thigh, muscle tenseness but no bruising. Brandon was diagnosed with a muscle strain, given a Toradol injection, and told to take Motrin and apply ice.

On or about 4/7/07, Brandon was worse and returned to the center due to increased pain of **10 on a scale of 10 in his hip, inability to walk, blood pressure of 97/57, and pulse of 150.** He was given Benadryl, Tylenol, Lortab, and sent home.

On or about 4/8/07, around 0530 Brandon was rushed to Neshoba County Hospital due to difficulty breathing and severe pain in his left hip. His pulse was 181, WBC 0.7 (4.5-11) BUN 54 (10-26), and Cr 3.8 (0.6-1.3). He was transferred to University Medical Center (UMC) in

Jackson, Mississippi by ambulance provided and staffed by the Choctaw Health Center. According to Brandon's mother, one of the ambulance EMTs stated he had worked his 24 hours and was not making the trip to Jackson. The doctor at Neshoba told him it was critical Brandon get to UMC as soon as possible. At CHC turnoff, the EMT told the driver to go to CHC, that he was not going to UMC. Brandon, struggling to breathe, his mom, and the nurse sent from Neshoba sat in the ambulance during this shift change. Following shift change, Brandon further deteriorated and the ambulance had to reroute to Leake Memorial Hospital ER in Carthage to emergently stabilize Brandon. He was intubated and then air lifted to UMC.

Once Brandon reached UMC, he was properly diagnosed with a septic hip. The infection, however, was extensive due to the delay in diagnosis. He was diagnosed with methicillin-resistant staphylococcus aureus (MRSA), acute respiratory distress syndrome (ARDS), and renal failure. He remained in the PICU for over two months fighting for his life. He lost that battle on 6/12/07 when he died from multiple organ failure and sepsis syndrome.

U.S. Government health care providers failed to properly examine, care for, diagnose, test, treat and follow-up Brandon Phillips even though he had signs and symptoms of septic hip. The negligence resulted in an untreated infection of his hip leading to multiple organ failure and death.

#### #10   STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM:

As a result of the negligence of United States employee health care providers, the Estate of Brandon Phillips has sustained damages and injuries including, but not limited to:

1. Loss of life;
2. Past pain, suffering, and mental anguish;
3. Loss of consortium with his mother, Wendy Chickaway;
4. Loss of earnings and earning capacity;
5. Funeral and burial expenses;
6. Past medical and health care expenses;
7. Pecuniary damages; and
8. All wrongful death and survival actions cognizable under the law.

In addition, Wendy Chickaway on behalf of the estate of the minor child, Brandon Phillips, seeks recovery of all other damages pursuant to the applicable state and federal law(s).

As the mother of Brandon Phillips, Wendy Chickaway, individually has incurred damages including, but not limited to, the following:

1.   Loss of consortium with her son;
2.   Past and future mental anguish.
3.   Funeral and burial expenses;
4.   Pecuniary damages; and
5.   All wrongful death and survival actions cognizable under the law.

In addition, Wendy Chickaway seeks recovery of all other damages to which she is entitled pursuant to the applicable state and federal law(s).

## #11 WITNESSES

For the identity of witnesses to the incidents described in this claim and persons with knowledge of relevant facts, please refer to the medical and billing records from U.S. Government facilities and health care providers which set forth the identity of health care providers, record custodians, other personnel, and lay persons who are witnesses or potential witnesses in this case. Further, claimants herein are identified as witnesses. Additional witnesses may be known as future discovery is obtained.

| **CLAIM FOR DAMAGE, INJURY, OR DEATH** | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | **FORM APPROVED** OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.)* *(Number, street, city, State and Zip Code)* |
|---|---|
| Choctaw Health Center<br>Route 7, Box R50<br>Philadelphia, Mississippi 39350 | Wendy Chickaway on Behalf of M___ S___<br>11900 Road 149<br>Philadelphia, Mississippi 39350<br>***REPRESENTED BY COUNSEL*** |

| 3. TYPE OF EMPLOYMENT<br>MILITARY [X] CIVILIAN | 4. DATE OF BIRTH<br>9/3/2001 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>SEE ATTACHED | 7. TIME (A.M. or P.M.)<br>SEE ATTACHED |
|---|---|---|---|---|

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof.) (Use additional pages if necessary.)*

SEE ATTACHED

RECEIVED

DEC 19 2008

Attorney General's Office
By:_____

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

NOT APPLICABLE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

SEE ATTACHED

| 11. | WITNESSES |
|---|---|
| **NAME** | **ADDRESS** *(Number, street, city, State, and Zip Code)* |
| SEE ATTACHED | |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(In dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY<br>5,000,000.00 | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)*<br>5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)*<br>*Wendy Chickaway on behalf* | 13b. Phone number of signatory<br>512-266-7676/ATTORNEY | 14. DATE OF CLAIM<br>10/16/08 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95-109
*Previous editions not usable.*

NSN 7540-00-634-4046

1 of 5

Plaintiff's Exhibit
**P19**
4:11-cv-00022

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

**A. *Authority:*** The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

**B. *Principal Purpose:*** The information requested is to be used in evaluating claims.

**C. *Routine Use:*** See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

**D. *Effect of Failure to Respond:*** Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS
**Complete all items - insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

---

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to  Director, Torts Branch
    Civil Division
    U.S. Department of Justice
    Washington, DC  20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC  20603

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

**15. Do you carry accident insurance?** ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. ☐ No

NOT APPLICABLE

**16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?**

NOT APPLICABLE

**17. If deductible, state amount**

NOT APPLICABLE

**18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim?** *(It is necessary that you ascertain these facts)*

NOT APPLICABLE

**19. Do you carry public liability and property damage insurance?** ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* ☐ No

NOT APPLICABLE

**SF 95 (Rev. 7-85) BACK**

2 of 5

**CONTINUATION PAGE**
**CLAIM FOR DAMAGE, INJURY, OR DEATH**

**#2     NAME, ADDRESS OF CLAIMANT AND CLAIMANT'S PERSONAL REPRESENTATIVE, IF ANY:**

Claimant's Personal Representative
Michael Archuleta (Attorney for Claimant)
Jamal K. Alsaffar (Attorney for Claimant)
Laurie Higginbotham (Attorney for Claimant)
Archuleta, Alsaffar & Higginbotham
P.O. Box 340639
Austin, Texas 78734
Telephone (512) 266-7676
Telefax (512) 266-4646

**#6     DATE AND DAY OF ACCIDENT AND  #7 TIME:**

This claim concerns the substandard medical, nursing and hospital care provided by agents, servants, and employees of the United States at the Choctaw Health Center (CHC) in Philadelphia, Mississippi to Brandon Phillips on or about 4/5/07 through 4/8/07 leading to his death on 6/12/07.

**#8     BASIS OF CLAIM:**

This claim concerns the substandard medical, nursing and hospital care provided by agents, servants, and employees of the United States at the Choctaw Health Center to Brandon Phillips for failure to properly examine, care for, diagnose, test, treat and follow-up Brandon Phillips leading to his death on 6/12/07.

The minor child, Brandon Phillips, 12 years old, was seen on or about 4/5/07 at the Choctaw Health Center (CHC) due to pain in his left leg. Brandon had fallen on his left side during a basketball game the day before. According to the records, at the CHC, Brandon complained of left groin pain, pain in his upper left leg. The pain was reported as 3 on a scale of 10. On exam, it was noted he had tenderness to palpitation to his left thigh, muscle tenseness but no bruising. Brandon was diagnosed with a muscle strain, given a Toradol injection, and told to take Motrin and apply ice.

On or about 4/7/07, Brandon was worse and returned to the center due to increased pain of **10 on a scale of 10 in his hip, inability to walk, blood pressure of 97/57, and pulse of 150.** He was given Benadryl, Tylenol, Lortab, and sent home.

On or about 4/8/07, around 0530 Brandon was rushed to Neshoba County Hospital due to difficulty breathing and severe pain in his left hip. His pulse was 181, WBC 0.7 (4.5-11) BUN 54 (10-26), and Cr 3.8 (0.6-1.3). He was transferred to University Medical Center (UMC) in

3 of 5

Jackson, Mississippi by ambulance provided and staffed by the Choctaw Health Center. According to Brandon's mother, one of the ambulance EMTs stated he had worked his 24 hours and was not making the trip to Jackson. The doctor at Neshoba told him it was critical Brandon get to UMC as soon as possible. At CHC turnoff, the EMT told the driver to go to CHC, that he was not going to UMC. Brandon, struggling to breathe, his mom, and the nurse sent from Neshoba sat in the ambulance during the shift change. Following shift change, Brandon further deteriorated and the ambulance had to reroute to Leake Memorial Hospital ER in Carthage to emergently stabilize Brandon.  He was intubated and then air lifted to UMC.

Once Brandon reached UMC, he was properly diagnosed with a septic hip. The infection, however, was extensive due to the delay in diagnosis.  He was diagnosed with methicillin-resistant staphylococcus aureus (MRSA), acute respiratory distress syndrome (ARDS), and renal failure. He remained in the PICU for over two months fighting for his life.  He lost that battle on 6/12/07 when he died from multiple organ failure and sepsis syndrome.

U.S. Government health care providers failed to properly examine, care for, diagnose, test, treat and follow-up Brandon Phillips even though he had signs and symptoms of septic hip. The negligence resulted in an untreated infection of his hip leading to multiple organ failure and death.

## #10   STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM:

As a result of the negligence of United States employee health care providers, the Estate of Brandon Phillips has sustained damages and injuries including, but not limited to:

1. Loss of life;
2. Past pain, suffering, and mental anguish;
3. Loss of consortium with his mother, Wendy Chickaway;
4. Loss of earnings and earning capacity;
5. Funeral and burial expenses;
6. Past medical and health care expenses;
7. Pecuniary damages; and
8. All wrongful death and survival actions cognizable under the law.

In addition, Wendy Chickaway on behalf of the estate of the minor child, Brandon Phillips, seeks recovery of all other damages pursuant to the applicable state and federal law(s).

As the mother of Brandon Phillips, Wendy Chickaway, individually has incurred damages including, but not limited to, the following:

4 of 5

1.     Loss of consortium with her son;
2.     Past and future mental anguish.
3.     Funeral and burial expenses;
4.     Pecuniary damages; and
5.     All wrongful death and survival actions cognizable under the law.

In addition, Wendy Chickaway seeks recovery of all other damages to which she is entitled pursuant to the applicable state and federal law(s).

As the siblings of Brandon Phillips, T     P     ,  M     S     , and T T           , individually have incurred damages including, but not limited to, the following:

1.     Loss of consortium with their brother;
2.     Past and future mental anguish.
3.     Pecuniary damages; and
4.     All wrongful death and survival actions cognizable under the law.

In addition, Wendy Chickaway on behalf of T     P     , M     S     , and T T           . seeks recovery of all other damages to which they are entitled pursuant to the applicable state and federal law(s).

## #11 WITNESSES

For the identity of witnesses to the incidents described in this claim and persons with knowledge of relevant facts, please refer to the medical and billing records from U.S. Government facilities and health care providers which set forth the identity of health care providers, record custodians, other personnel, and lay persons who are witnesses or potential witnesses in this case.  Further, claimants herein are identified as witnesses.  Additional witnesses may be known as future discovery is obtained.

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

**1. Submit To Appropriate Federal Agency:**

Choctaw Health Center
Route 7, Box R50
Philadelphia, Mississippi 39350

**2. Name, Address of claimant and claimant's personal representative, if any.** *(See instructions on reverse.) (Number, street, city, State and Zip Code)*

Wendy Chickaway on Behalf of T        P
1 1900 Road 149
Philadelphia, Mississippi 39350
***REPRESENTED BY COUNSEL***

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME *(A.M. or P.M.)* |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 4/18/1998 | Single | SEE ATTACHED | SEE ATTACHED |

**8. Basis of Claim** *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

SEE ATTACHED

RECEIVED

DEC 1 8 2008

Attorney General's Office
By:_____

| 9. | PROPERTY DAMAGE |
|---|---|

**NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT** *(Number, street, city, State, and Zip Code)*

NOT APPLICABLE

**BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED.** *(See instructions on reverse side.)*

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

**STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.**

SEE ATTACHED

| 11. | | WITNESSES |
|---|---|---|
| **NAME** | | **ADDRESS** *(Number, street, city, State, and Zip Code)* |
| SEE ATTACHED | | |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(In dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| | 5,000,000.00 | | 5,000,000.00 |

**I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.**

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Wendy Chickaway on behalf of | 512-266-7676/ATTORNEY | 10/16/08 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95-109
*Previous editions not usable.*                    NSN 7540-00-634-4046

1 of 5

Plaintiff's Exhibit
P20
4:11-cv-00022

**CONTINUATION PAGE**
**CLAIM FOR DAMAGE, INJURY, OR DEATH**

**#2    NAME, ADDRESS OF CLAIMANT AND CLAIMANT'S PERSONAL REPRESENTATIVE, IF ANY:**

Claimant's Personal Representative
Michael Archuleta (Attorney for Claimant)
Jamal K. Alsaffar (Attorney for Claimant)
Laurie Higginbotham (Attorney for Claimant)
Archuleta, Alsaffar & Higginbotham
P.O. Box 340639
Austin, Texas 78734
Telephone (512) 266-7676
Telefax (512) 266-4646

**#6    DATE AND DAY OF ACCIDENT AND  #7 TIME:**

This claim concerns the substandard medical, nursing and hospital care provided by agents, servants, and employees of the United States at the Choctaw Health Center (CHC) in Philadelphia, Mississippi to Brandon Phillips on or about 4/5/07 through 4/8/07 leading to his death on 6/12/07.

**#8    BASIS OF CLAIM:**

This claim concerns the substandard medical, nursing and hospital care provided by agents, servants, and employees of the United States at the Choctaw Health Center to Brandon Phillips for failure to properly examine, care for, diagnose, test, treat and follow-up Brandon Phillips leading to his death on 6/12/07.

The minor child, Brandon Phillips, 12 years old, was seen on or about 4/5/07 at the Choctaw Health Center (CHC) due to pain in his left leg. Brandon had fallen on his left side during a basketball game the day before. According to the records, at the CHC, Brandon complained of left groin pain, pain in his upper left leg. The pain was reported as 3 on a scale of 10. On exam, it was noted he had tenderness to palpitation to his left thigh, muscle tenseness but no bruising. Brandon was diagnosed with a muscle strain, given a Toradol injection, and told to take Motrin and apply ice.

On or about 4/7/07, Brandon was worse and returned to the center due to increased pain of **10 on a scale of 10 in his hip, inability to walk, blood pressure of 97/57, and pulse of 150.** He was given Benadryl, Tylenol, Lortab, and sent home.

On or about 4/8/07, around 0530 Brandon was rushed to Neshoba County Hospital due to difficulty breathing and severe pain in his left hip. His pulse was 181, WBC 0.7 (4.5-11) BUN 54 (10-26), and Cr 3.8 (0.6-1.3). He was transferred to University Medical Center (UMC) in

Jackson, Mississippi by ambulance provided and staffed by the Choctaw Health Center. According to Brandon's mother, one of the ambulance EMTs stated he had worked his 24 hours and was not making the trip to Jackson. The doctor at Neshoba told him it was critical Brandon get to UMC as soon as possible. At CHC turnoff, the EMT told the driver to go to CHC, that he was not going to UMC. Brandon, struggling to breathe, his mom, and the nurse sent from Neshoba sat in the ambulance during the shift change. Following shift change, Brandon further deteriorated and the ambulance had to reroute to Leake Memorial Hospital ER in Carthage to emergently stabilize Brandon. He was intubated and then air lifted to UMC.

Once Brandon reached UMC, he was properly diagnosed with a septic hip. The infection, however, was extensive due to the delay in diagnosis. He was diagnosed with methicillin-resistant staphylococcus aureus (MRSA), acute respiratory distress syndrome (ARDS), and renal failure. He remained in the PICU for over two months fighting for his life. He lost that battle on 6/12/07 when he died from multiple organ failure and sepsis syndrome.

U.S. Government health care providers failed to properly examine, care for, diagnose, test, treat and follow-up Brandon Phillips even though he had signs and symptoms of septic hip. The negligence resulted in an untreated infection of his hip leading to multiple organ failure and death.

## #10   STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM:

As a result of the negligence of United States employee health care providers, the Estate of Brandon Phillips has sustained damages and injuries including, but not limited to:

1.   Loss of life;
2.   Past pain, suffering, and mental anguish;
3.   Loss of consortium with his mother, Wendy Chickaway;
4.   Loss of earnings and earning capacity;
5.   Funeral and burial expenses;
6.   Past medical and health care expenses;
7.   Pecuniary damages; and
8.   All wrongful death and survival actions cognizable under the law.

In addition, Wendy Chickaway on behalf of the estate of the minor child, Brandon Phillips, seeks recovery of all other damages pursuant to the applicable state and federal law(s).

As the mother of Brandon Phillips, Wendy Chickaway, individually has incurred damages including, but not limited to, the following:

4 of 5

1.    Loss of consortium with her son;
2.    Past and future mental anguish.
3.    Funeral and burial expenses;
4.    Pecuniary damages; and
5.    All wrongful death and survival actions cognizable under the law.

In addition, Wendy Chickaway seeks recovery of all other damages to which she is entitled pursuant to the applicable state and federal law(s).

As the siblings of Brandon Phillips, T    P    , M    S    , and T T    , individually have incurred damages including, but not limited to, the following:

1.    Loss of consortium with their brother;
2.    Past and future mental anguish.
3.    Pecuniary damages; and
4.    All wrongful death and survival actions cognizable under the law.

In addition, Wendy Chickaway on behalf of T    P    , M    S    , and T T    seeks recovery of all other damages to which they are entitled pursuant to the applicable state and federal law(s).

## #11 WITNESSES

For the identity of witnesses to the incidents described in this claim and persons with knowledge of relevant facts, please refer to the medical and billing records from U.S. Government facilities and health care providers which set forth the identity of health care providers, record custodians, other personnel, and lay persons who are witnesses or potential witnesses in this case.  Further, claimants herein are identified as witnesses.  Additional witnesses may be known as future discovery is obtained.

5 of 5

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Choctaw Health Center<br>Route 7, Box R50<br>Philadelphia, Mississippi 39350 | Wendy Chickaway on behalf of T          T<br>11900 Road 149<br>Philadelphia, Mississippi 39350<br>***REPRESENTED BY COUNSEL*** |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 10/22/2005 | Single | SEE ATTACHED | SEE ATTACHED |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

SEE ATTACHED

RECEIVED

DE     1 3 2008

Attorney General's Office
By:

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

NOT APPLICABLE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

SEE ATTACHED

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
| SEE ATTACHED | |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (In dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| | 5,000,000.00 | | 5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Wendy Chickaway on behalf of | 512-266-7676/ATTORNEY | 10/14/08 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-108
Previous editions not usable.                    NSN 7540-00-634-4046

Plaintiff's Exhibit
**P21**
4:11-cv-00022

1 of 5

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS
**Complete all items - insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to  Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

**15. Do you carry accident insurance?** ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. ☐ No

NOT APPLICABLE

**16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?**

NOT APPLICABLE

**17. If deductible, state amount**

NOT APPLICABLE

**18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim?** *(It is necessary that you ascertain these facts)*

NOT APPLICABLE

**19. Do you carry public liability and property damage insurance?** ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* ☐ No

NOT APPLICABLE

SF 95 (Rev. 7-85) BACK

2 of 5

**CONTINUATION PAGE**
**CLAIM FOR DAMAGE, INJURY, OR DEATH**

**#2   NAME, ADDRESS OF CLAIMANT AND CLAIMANT'S PERSONAL REPRESENTATIVE, IF ANY:**

Claimant's Personal Representative
Michael Archuleta (Attorney for Claimant)
Jamal K. Alsaffar (Attorney for Claimant)
Laurie Higginbotham (Attorney for Claimant)
Archuleta, Alsaffar & Higginbotham
P.O. Box 340639
Austin, Texas 78734
Telephone (512) 266-7676
Telefax (512) 266-4646

**#6   DATE AND DAY OF ACCIDENT AND   #7 TIME:**

This claim concerns the substandard medical, nursing and hospital care provided by agents, servants, and employees of the United States at the Choctaw Health Center (CHC) in Philadelphia, Mississippi to Brandon Phillips on or about 4/5/07 through 4/8/07 leading to his death on 6/12/07.

**#8   BASIS OF CLAIM:**

This claim concerns the substandard medical, nursing and hospital care provided by agents, servants, and employees of the United States at the Choctaw Health Center to Brandon Phillips for failure to properly examine, care for, diagnose, test, treat and follow-up Brandon Phillips leading to his death on 6/12/07.

The minor child, Brandon Phillips, 12 years old, was seen on or about 4/5/07 at the Choctaw Health Center (CHC) due to pain in his left leg. Brandon had fallen on his left side during a basketball game the day before. According to the records, at the CHC, Brandon complained of left groin pain, pain in his upper left leg. The pain was reported as 3 on a scale of 10. On exam, it was noted he had tenderness to palpitation to his left thigh, muscle tenseness but no bruising. Brandon was diagnosed with a muscle strain, given a Toradol injection, and told to take Motrin and apply ice.

On or about 4/7/07, Brandon was worse and returned to the center due to increased pain of **10 on a scale of 10 in his hip, inability to walk, blood pressure of 97/57, and pulse of 150.** He was given Benadryl, Tylenol, Lortab, and sent home.

On or about 4/8/07, around 0530 Brandon was rushed to Neshoba County Hospital due to difficulty breathing and severe pain in his left hip. His pulse was 181, WBC 0.7 (4.5-11) BUN 54 (10-26), and Cr 3.8 (0.6-1.3). He was transferred to University Medical Center (UMC) in

Jackson, Mississippi by ambulance provided and staffed by the Choctaw Health Center. According to Brandon's mother, one of the ambulance EMTs stated he had worked his 24 hours and was not making the trip to Jackson. The doctor at Neshoba told him it was critical Brandon get to UMC as soon as possible. At CHC turnoff, the EMT told the driver to go to CHC, that he was not going to UMC. Brandon, struggling to breathe, his mom, and the nurse sent from Neshoba sat in the ambulance during the shift change. Following shift change, Brandon further deteriorated and the ambulance had to reroute to Leake Memorial Hospital ER in Carthage to emergently stabilize Brandon. He was intubated and then air lifted to UMC.

Once Brandon reached UMC, he was properly diagnosed with a septic hip. The infection, however, was extensive due to the delay in diagnosis. He was diagnosed with methicillin-resistant staphylococcus aureus (MRSA), acute respiratory distress syndrome (ARDS), and renal failure. He remained in the PICU for over two months fighting for his life. He lost that battle on 6/12/07 when he died from multiple organ failure and sepsis syndrome.

U.S. Government health care providers failed to properly examine, care for, diagnose, test, treat and follow-up Brandon Phillips even though he had signs and symptoms of septic hip. The negligence resulted in an untreated infection of his hip leading to multiple organ failure and death.

## #10   STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM:

As a result of the negligence of United States employee health care providers, the Estate of Brandon Phillips has sustained damages and injuries including, but not limited to:

1. Loss of life;
2. Past pain, suffering, and mental anguish;
3. Loss of consortium with his mother, Wendy Chickaway;
4. Loss of earnings and earning capacity;
5. Funeral and burial expenses;
6. Past medical and health care expenses;
7. Pecuniary damages; and
8. All wrongful death and survival actions cognizable under the law.

In addition, Wendy Chickaway on behalf of the estate of the minor child, Brandon Phillips, seeks recovery of all other damages pursuant to the applicable state and federal law(s).

As the mother of Brandon Phillips, Wendy Chickaway, individually has incurred damages including, but not limited to, the following:

4 of 5

1.  Loss of consortium with her son;
2.  Past and future mental anguish.
3.  Funeral and burial expenses;
4.  Pecuniary damages; and
5.  All wrongful death and survival actions cognizable under the law.

In addition, Wendy Chickaway seeks recovery of all other damages to which she is entitled pursuant to the applicable state and federal law(s).

As the siblings of Brandon Phillips, T      P    , M    S    , and T T        individually have incurred damages including, but not limited to, the following:

1.  Loss of consortium with their brother;
2.  Past and future mental anguish.
3.  Pecuniary damages; and
4.  All wrongful death and survival actions cognizable under the law.

In addition, Wendy Chickaway on behalf of T    P    , M    S    , and T T        seeks recovery of all other damages to which they are entitled pursuant to the applicable state and federal law(s).

## #11 WITNESSES

For the identity of witnesses to the incidents described in this claim and persons with knowledge of relevant facts, please refer to the medical and billing records from U.S. Government facilities and health care providers which set forth the identity of health care providers, record custodians, other personnel, and lay persons who are witnesses or potential witnesses in this case. Further, claimants herein are identified as witnesses. Additional witnesses may be known as future discovery is obtained.

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. |
|---|---|
| Choctaw Health Center<br>Route 7, Box R50<br>Philadelphia, Mississippi 39350 | *(See instructions on reverse.) (Number, street, city, State and Zip Code)*<br>Wendy Chickaway<br>11900 Road 149<br>Philadelphia, Mississippi 39350<br>***REPRESENTED BY COUNSEL.*** |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 3/11/1974 | Married | SEE ATTACHED | SEE ATTACHED |

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

SEE ATTACHED

RECEIVED

DEC 1 9 2008

Attorney General's Office
By:_____

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

NOT APPLICABLE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side.)*

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

SEE ATTACHED

| 11. | WITNESSES | |
|---|---|---|
| **NAME** | **ADDRESS** *(Number, street, city, State, and Zip Code)* | |
| SEE ATTACHED | | |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM *(In dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| | 5,000,000.00 | | 5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| *Wendy Chickaway* | 512-266-7676/ATTORNEY | 10/16/08 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of 2,000 plus double the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. *(See 18 U.S.C. 287, 1001.)* |

95-109
*Previous editions not usable*

NSN 7540-00-634-4046

Plaintiff's Exhibit
**P22**
4:11-cv-00022

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority*: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose*: The information requested is to be used in evaluating claims.

C. *Routine Use*: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond*: Disclosure is voluntary. However, failure to supply the requested information or to execute this form may render your claim

## INSTRUCTIONS

**Complete all items - insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, if yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number. ☐ No

NOT APPLICABLE

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

NOT APPLICABLE

17. If deductible, state amount

NOT APPLICABLE

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? *(It is necessary that you ascertain these facts)*

NOT APPLICABLE

19. Do you carry public liability and property damage insurance? ☐ Yes, if yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* ☐ No

NOT APPLICABLE

SF 95 (Rev. 7-85) BACK

2 of 5

**CONTINUATION PAGE**
**CLAIM FOR DAMAGE, INJURY, OR DEATH**

**#2   NAME, ADDRESS OF CLAIMANT AND CLAIMANT'S PERSONAL REPRESENTATIVE, IF ANY:**

Claimant's Personal Representative
Michael Archuleta (Attorney for Claimant)
Jamal K. Alsaffar (Attorney for Claimant)
Laurie Higginbotham (Attorney for Claimant)
Archuleta, Alsaffar & Higginbotham
P.O. Box 340639
Austin, Texas 78734
Telephone (512) 266-7676
Telefax (512) 266-4646

**#6   DATE AND DAY OF ACCIDENT AND   #7 TIME:**

This claim concerns the substandard medical, nursing and hospital care provided by agents, servants, and employees of the United States at the Choctaw Health Center (CHC) in Philadelphia, Mississippi to Brandon Phillips on or about 4/5/07 through 4/8/07 leading to his death on 6/12/07.

**#8   BASIS OF CLAIM:**

This claim concerns the substandard medical, nursing and hospital care provided by agents, servants, and employees of the United States at the Choctaw Health Center to Brandon Phillips for failure to properly examine, care for, diagnose, test, treat and follow-up Brandon Phillips leading to his death on 6/12/07.

The minor child, Brandon Phillips, 12 years old, was seen on or about 4/5/07 at the Choctaw Health Center (CHC) due to pain in his left leg. Brandon had fallen on his left side during a basketball game the day before. According to the records, at the CHC, Brandon complained of left groin pain, pain in his upper left leg. The pain was reported as 3 on a scale of 10. On exam, it was noted he had tenderness to palpitation to his left thigh, muscle tenseness but no bruising. Brandon was diagnosed with a muscle strain, given a Toradol injection, and told to take Motrin and apply ice.

On or about 4/7/07, Brandon was worse and returned to the center due to increased pain of **10 on a scale of 10 in his hip, inability to walk, blood pressure of 97/57, and pulse of 150.** He was given Benadryl, Tylenol, Lortab, and sent home.

On or about 4/8/07, around 0530 Brandon was rushed to Neshoba County Hospital due to difficulty breathing and severe pain in his left hip. His pulse was 181, WBC 0.7 (4.5-11) BUN 54 (10-26), and Cr 3.8 (0.6-1.3). He was transferred to University Medical Center (UMC) in

Jackson, Mississippi by ambulance provided and staffed by the Choctaw Health Center. According to Brandon's mother, one of the ambulance EMTs stated he had worked his 24 hours and was not making the trip to Jackson. The doctor at Neshoba told him it was critical Brandon get to UMC as soon as possible. At CHC turnoff, the EMT told the driver to go to CHC, that he was not going to UMC. Brandon, struggling to breathe, his mom, and the nurse sent from Neshoba sat in the ambulance during the shift change. Following shift change, Brandon further deteriorated and the ambulance had to reroute to Leake Memorial Hospital ER in Carthage to emergently stabilize Brandon. He was intubated and then air lifted to UMC.

Once Brandon reached UMC, he was properly diagnosed with a septic hip. The infection, however, was extensive due to the delay in diagnosis. He was diagnosed with methicillin-resistant staphylococcus aureus (MRSA), acute respiratory distress syndrome (ARDS), and renal failure. He remained in the PICU for over two months fighting for his life. He lost that battle on 6/12/07 when he died from multiple organ failure and sepsis syndrome.

U.S. Government health care providers failed to properly examine, care for, diagnose, test, treat and follow-up Brandon Phillips even though he had signs and symptoms of septic hip. The negligence resulted in an untreated infection of his hip leading to multiple organ failure and death.

## #10   STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM:

As a result of the negligence of United States employee health care providers, the Estate of Brandon Phillips has sustained damages and injuries including, but not limited to:

1. Loss of life;
2. Past pain, suffering, and mental anguish;
3. Loss of consortium with his mother, Wendy Chickaway;
4. Loss of earnings and earning capacity;
5. Funeral and burial expenses;
6. Past medical and health care expenses;
7. Pecuniary damages; and
8. All wrongful death and survival actions cognizable under the law.

In addition, Wendy Chickaway on behalf of the estate of the minor child, Brandon Phillips, seeks recovery of all other damages pursuant to the applicable state and federal law(s).

As the mother of Brandon Phillips, Wendy Chickaway, individually has incurred damages including, but not limited to, the following:

4 of 5

1.  Loss of consortium with her son;
2.  Past and future mental anguish.
3.  Funeral and burial expenses;
4.  Pecuniary damages; and
5.  All wrongful death and survival actions cognizable under the law.

In addition, Wendy Chickaway seeks recovery of all other damages to which she is entitled pursuant to the applicable state and federal law(s).

## #11 WITNESSES

For the identity of witnesses to the incidents described in this claim and persons with knowledge of relevant facts, please refer to the medical and billing records from U.S. Government facilities and health care providers which set forth the identity of health care providers, record custodians, other personnel, and lay persons who are witnesses or potential witnesses in this case.   Further, claimants herein are identified as witnesses.   Additional witnesses may be known as future discovery is obtained.