## STANDARD REPRESENTATION AGREEMENT

For and in consideration of the promise of THE EDWARD A. WILLIAMSON LAW

FIRM, P.A. to diligently represent Client(s), _Edward Phillips_

_____ or any lawyer associates or partners of The Edward A. Williamson

Law Firm, P.A., hereinafter referred to as "law firm," agrees as follows:

1. That said law firm shall act for the said client(s) in the prosecuting to a final determination a certain right of action or claim resulting out of the _____

2. COMPENSATION: In the event of any recovery had by, settlement obtained for, or payment made to the client(s) in connection with the above referred to claim or right of action, the law firm, shall be entitled to and shall be paid a percentage of the gross proceeds in accord with the following schedule:

   a. In the event of settlement prior to filing suit, or prior to the initiation of arbitration or mediation ......................................................33 1/3 %

   *In the event of settlement pursuant to 28 USCA 2672 - 20%*  *EP*

   b. In the event settlement is obtained after suit is filed, or after mediation or arbitration is initiated and, prior to any of the occurrence of either of the events set out in paragraph 2. c. immediately hereafter......................................................40%

   *In the event of settlement per 28 USCA 2677 - 20%*  *EP*

   c. In the event settlement is obtained after suit is filed, and either: 1. the time permitted for discovery by the Court of jurisdiction has expired, or 120 days has expired since the suit was filed or, 2. the retention or designation of one or more testifying expert has occurred, or 3. a trial date has been set or, 4. a pre-trial hearing has been set, if applicable.............................45%

   *otherwise as follows*  *EP*

   _EP_
   Client's Initials

C09/17/2009

d. In the event that this case is settled as a part of a global or mass settlement, the fee shall be determined in accordance with the stage of that litigation and this client shall, if he or she elects to be a part of that settlement, bear a pro rata share of common benefit expenses in addition to his or her case specific expenses.

3. The said Client(s) shall not compromise or settle said right of action without the knowledge and consent of said lawyer. The lawyer shall not compromise or settle said right of action without the knowledge and consent of said client(s).

4. The said lawyer shall have forthwith a lien for the amount due him under this agreement upon all papers exhibited and evidenced in his possession pertaining to this action, and upon all other papers and/or property in his possession, and/or upon this cause of action and the money, property or benefits realized there from by said Client(s) in satisfaction of said right of action by way of settlement or otherwise.

5. In the event of settlement, recovery, or termination of lawyer's representation, client(s) shall be immediately responsible for all costs (including office copy costs, phone charges, cell phone charges, travel, meals, and mileage) and expenses advanced, liabilities incurred and disbursements made. Any such costs, witness fees and expenses, or litigation expenses advanced shall be deducted from client proceeds in the event of recovery.

6. The law firm has no obligation to advance costs of prosecution. The client bears the obligation to advance the costs of prosecution. However, all or a part of the expenses may be financed by a bank loan advanced by the firm or by line of credit at a financial institution, if so, ongoing expenses and costs, including interest may, at the discretion of the law firm, be reimbursed monthly or quarterly from a line of credit or other borrowed funds. A periodic accounting shall be provided to the client or his or her guardian, if requested. Upon request, client(s) or client's guardian shall endorse any financing agreement or promissory note if deemed appropriate by the law firm. Any and all bank charges or service charges are considered costs under paragraph 5 above. Interest expense on money advanced by the law firm shall be at the rate of prime (prime as defined by FDIC commercial banks in Mississippi) plus 2%.

Client's Initials

2

C09/17/2009

7. We understand that current **Medicare** and **Medicaid** regulations may require all parties involved in this matter to compromise, settle, or execute a release of Medicare or/and Medicaid's separate claim for reimbursement for past and future payments prior to distributing any verdict or settlement proceeds. **We agree** that the law firm may take all steps in this matter deemed by us to be advisable for the handling of our claim, **including hiring separate attorneys/experts who assist** with resolving any Medicare and/or Medicaid reimbursement claim for past and/or future injury-related medical care. **The expense** of any such Medicare or Medicaid claim-handling counsel or service **shall be treated as a case expense** and deducted from your net recovery and shall not be paid out of the law firm's contingency fee in this matter.

8. The said lawyer shall have authority to act as agent for said Client(s), and may demand, sue for, collect, supply Client(s)' endorsement on and deposit in trust all settlement drafts or checks, and receipt for all sums of money or property due, payable and belonging to the said Client(s) from said cause of action. The lawyer is authorized to make all decisions regarding the hiring or firing of expert witnesses, association of other attorneys, consultants, and the expending of money or making monetary obligations in the prosecution of the case as the lawyer deems appropriate, necessary, or proper.

9. In the event that all or part of any settlement or sums collected for said Client(s) are "structured," the lawyer shall be entitled to his entire fee immediately, with the fee being based on the amount collected "up front" plus the cost of the annuity or deferred payments, with the fee to the broker being based on the present value sum of the settlement, which includes the purchase amount of any structured annuity and/or deferred payments.

10. It is understood and agreed that after a more complete investigation and up until actual trial has begun, the lawyer may withdraw from the case, if the case is either not provable, not meritorious, rests on questionable evidence, or does not economically justify continued prosecution. Further, in the event that this case is filed, tried and lost or otherwise dismissed by a trial court; the law firm shall not be required to take an appeal to this case.



Client's Initials

3                                                        C09/17/2009

11.   I/we understand that upon settlement of this case, termination of representation in this matter or the closing of this file for any reason, I/we will be entitled to obtain for the cost of copying, any and all contents of my/our file. It is my/our obligation to request and obtain at the closing of this file, any and all original documents, pictures or other matters or things, as well as copies of any part of the files which we desire. I/we also understand that this file will only be retained for three (3) years after the closing of this file. It is understood that, in the event I/we request any of the contents or copies of the contents of the file after the closing of the file for any matter, I will be required to pay a minimum administrative fee to access the file of $50.00 and any incidental expenses, including copying charges.

DATED this _____ day of _____, 20___.

_____        _____
EDWARD A. WILLIAMSON                          CLIENT

_____        _____
CHRISTOPHER M. POSEY                           CLIENT

September 17, 2009

4                                                        C09/17/2009